WILLIAM T. SLATTERY and JOHN E. OLMSTEAD, Respondents, *v.* SAMUEL E. HASKIN, Appellant.

*Decision upon conflicting evidence, not disturbed.*

Where there is a direct conflict in the evidence upon a vital question arising in an action, the decision of the question by the trial court will not be disturbed on appeal.

APPEAL by the defendant, Samuel E. Haskin, from a judgment of the County Court of Steuben county in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 1st day of December, 1887, upon the report of a referee.

The action was commenced on the 23d of May, 1885, in a Justice's Court in the town of Avoca. A judgment was rendered by

the justice on July 3, 1885, in favor of the plaintiffs for $171.13 damages.

In the complaint it was alleged that the plaintiffs were co-partners, doing business at Wallace, in the aforesaid town, and that the defendant was indebted to them for goods, wares and merchandise sold and delivered by them to the defendant, his family, hands, servants and agents, of the value and agreed price of $195, for which defendant promised and agreed to pay the plaintiffs.

The answer consisted of a general denial and a statement that the defendant claimed " an offset to the amount of $400 against any demand of the plaintiffs."

Defendant appealed to the County Court of Steuben county and demanded a new trial, whereupon the action was referred to C. F. Kingsley, Esq., to hear and determine, and upon his report the judgment was entered from which the appeal is taken. Exceptions were taken to the referee's findings and to certain refusals to find, and an appeal was taken from the judgment of the County Court on December 9, 1887.

From the evidence it appears that the parties had some dealings prior to April, 1882, and that on the 24th of April, 1882, they settled their accounts, leaving no balance due to either party. It was claimed at the trial that an agreement was entered into to the effect that the plaintiffs should sell and deliver to the defendant goods at twelve per cent above what the same cost the plaintiffs, and that defendant should pay therefor in checks to be delivered to the plaintiffs by defendant's wife, and that the plaintiffs should credit all checks so received by them, and charge the defendant for all goods sold and money paid to him or his wife upon his checks in a book to be kept by the plaintiffs for that purpose. The principal matters in controversy arose between April 24, 1882, and April 24, 1883.

*Irving Paine,* for the appellant.

*John F. Little,* for the respondents.

HARDIN, P. J.:

From the evidence it appears that the plaintiffs were co-partners, doing business as merchants at Wallace, in the town of Avoca, Steuben county, in 1882 and 1883, and that they sold goods and merchan-

FOURTH DEPARTMENT, MARCH TERM, 1896. [Vol. 3.

dise to the defendant, most of which were received by his wife and family ; that in the course of the dealings a pass book was used, prepared by the plaintiffs and delivered to the defendant or his wife, and that in 1882 the pass book was produced and a settlement had between the parties, and it was found there was no balance due from one to the other. Thereafter the defendant continued to trade at the plaintiffs' store, and the account, which is the subject of this action, accrued, and while the account was thus accruing it seems that the defendant, or his wife, was accustomed to take checks to the plaintiffs' store and have some of them credited upon the account and some of them cashed. Thereafter a controversy arose over the checks cashed by the plaintiffs, and as to the amount of cash received by the defendant's wife thereon, to be charged to the account of the defendant.

There is a conflict in the evidence between the plaintiffs' witnesses and the defendant's witnesses as to the checks of the defendant which he indorsed to his wife, the wife insisting that there had not been credited upon the account all moneys which she had paid to, or intended to pay to, the plaintiffs upon the account. It was for the referee to determine what credit should be given to the defendant's wife, after considering all the circumstances surrounding her and her testimony upon the vital question of fact involved in the case. (*Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549 ; *Roosa* v. *Smith*, 17 Hun, 138 ; *Wilcox* v. *Selleck*, 92 id. 38.) The referee seems to have resolved the principal features as to the conflict arising upon the evidence before him in favor of the plaintiffs. We ought not to disturb his finding upon the conflict in the evidence.

The referee has written a sensible opinion, showing the manner in which he dealt with the evidence before him. The appellant does not point out any error requiring an interference with the conclusions stated in the referee's report. Nor do the exceptions taken during the progress of the trial require us to interfere with the decision made by the referee. The judgment must, therefore, be affirmed.

All concurred.

Judgment affirmed, with costs.